UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

John D. Keyes, Jr.,

    Plaintiff,

v.                                              09-3153

Larry Phillips et al.,

    Defendants.

### Order on Petition to Proceed In forma Pauperis

The plaintiff is being held at Rushville Treatment and Detention Center. He seeks leave to proceed *in forma pauperis* on this case.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, the court must dismiss cases proceeding in forma pauperis "at any time if the court determines that the action fails to state a claim." 28 U.S.C. § 1915(e)(1). Accordingly, the court grants leave to proceed in forma pauperis only if at least one federal claim is stated.

Fed. R. Civ. P. 8 requires a complaint to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007)(other citation omitted). However, the factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' . . . ." *Id.*, *quoting Bell Atlantic*, 127 S.Ct. at 1965, 1973 n. 14. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009), *citing Twombly*, 127 S.Ct. 1955. The court keeps in mind, however, that pro se pleadings are construed liberally. *Haines v. Kerner*, 404 U.S. 519 (1972).

*Allegations*

On January 10, 2008, the plaintiff was locked in a secured waiting room with another

resident, with no staff present.  The other resident asked the plaintiff why the plaintiff had been avoiding him and when "he could get a shot of that ass."  The plaintiff stood up and moved as near to the window as he could.  The other resident then grabbed and groped the plaintiff's buttocks.  The resident has a history of committing assaults on other residents.

The plaintiff reported the incident to Defendant Miller, who wrote an incident report for inappropriate sexual advancement.  The plaintiff feels that Miller minimized the incident by characterizing it as such, instead of an assault or sexual abuse.  He alleges that the label was to preserve the facility's reputation and limit liability.

The plaintiff discussed the incident at core group treatment therapy.  Other group members expressed their support for the plaintiff and their belief that something should be done.  Defendant Miller expressed her belief that the plaintiff had brought it on himself, because he had been involved in sexual joking six months before, in the cafeteria with different residents.

The plaintiff has been forced to room with sexually violent persons without a chance to give his input.  When he has put in requests for room changes because of his roommate's sexual advances or threats, those requests have either been ignored or there has been a long delay in responding.

The plaintiff was not treated with dignity in regards to the incident, nor was the incident taken seriously and the incident was not investigated.  The plaintiff asked the defendants for help but was not given any meaningful help.  He received no counseling or therapy to help him deal with the incident.  The plaintiff's family called, but the defendants still took no action and Defendant Clayton got angry.  Defendant Clayton told the plaintiff that nothing can be done unless a staff person sees that assault.  As a result of the defendants' non-action and portraying the plaintiff as "asking for it", the plaintiff suffered verbal assaults and threats of physical attacks.  The plaintiff alleges that he has not been provided a safe environment in which his concerns over sexual assault are addressed appropriately.  The plaintiff believes that attacks are underreported because of the staff's attitude.  The facility needs a "no means no" policy.

*Analysis*

The plaintiff's allegations are analyzed under the due process clause of the Fourteenth Amendment since he is a civil detainee, not a convicted prisoner.  *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005)(status of person awaiting trial for civil commitment under Sexually Violent Persons Act was comparable to pretrial detainee).  The Seventh Circuit has stated that the Fourteenth Amendment protections are "'at least as great as the protections available to a convicted prisoner under the Eight Amendment.'"  *Tesch v. County of Green Lake*, 157 F.3d 465, 473-73 (7th Cir. 1998), *quoting City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983).  However, the Seventh Circuit has also stated that "'there is little practical difference between the two standards.  *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001), *citing Weiss v. Cooley*, 230 F.2d 1027 (7th Cir. 2000).

The defendants violate the plaintiff's constitutional rights if they are deliberately

indifferent to a substantial risk of serious harm to the plaintiff's health or safety. The plaintiff must show that a "substantial risk of serious harm" existed and that the defendants subjectively disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). A generalized knowledge of danger or vague complaints is not enough. *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002)(plaintiff's statement to officers that he was "having problems" and needed to be moved did not put sheriff on actual notice of specific risk of sexual assault); *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997)(summary judgment granted to defendants where plaintiff did not specifically seek protection from inmates who assaulted him, even though he had been assaulted before by different inmates).

The court does not believe that the plaintiff has stated a claim for deliberate indifference to the resident's groping of the plaintiff's buttocks and sexually suggestive remarks on January 10, 2008. The plaintiff makes a good point that the resident's behavior should be taken seriouly and should not be tolerated, and also that residents should not be left unsupervised in a locked room. However, the court does not believe that one isolated incident of groping one's buttocks and sexually suggestive comments arises to the kind of serious harm that the constitution seeks to prevent. Even if it is, there is no inference that anyone knew or should have known that placing the plaintiff in the room with the resident presented a substantial risk of that harm.

The court also does not believe that the defendants' alleged response to the incident amounted to deliberate indifference. No plausible inference arises that the plaintiff had a serious need for counseling or other treatment arising from the incident. While a different response may be have been more advisable, the federal courts are not in the business of running detention centers. Deference must be afforded the defendants in determining how to handle these kinds of occurrences. *Youngberg v. Romeo*, 457 U.S. 307, 320 (1982). The court understands that the plaintiff was unfairly portrayed as "asking for it," and, if that is true, it is wrong. However, not all wrong actions rise to the level of a constitutional violation.

If this resident's harassment of the plaintiff was repeated and pervasive, the court would reach a different conclusion, but no such inference arises of that here. The plaintiff does allege generally that he is a victim of sexual advancements and sexually aggressive behavior, but these allegations are too vague to infer that any of the defendants was deliberately indifferent to a substantial risk of serious harm to the defendant. The same goes for his vague and general allegations regarding his room placements.

In sum, the plaintiff does not state a federal claim regarding the January 10, 2008 incident, and the plaintiff's other allegations are too vague and conclusory to give notice of a federal claim against any of the defendants (i.e., the who, what, when, where, and how as to each incident and how each defendant was responsible). Without some more detail, no plausible inference of liability arises against any of the defendants regarding these general allegations. It may be that the plaintiff intends these general allegations as support for his claim regarding the January 10th incident, rather than a separate claim. However, the plaintiff will be given leave to file an amended complaint that provides more factual detail of his other allegations if he wishes.

IT IS THEREFORE ORDERED THAT the plaintiff's claim regarding the January 10, 2008 incident and the defendants' response thereto is dismissed for failure to state a federal

claim.  The plaintiff shall have until September 4, 2009, to file an amended complaint with factual detail of his other allegations.  Failure to do so will result in the termination of this case.

Entered this 12th Day of August, 2009.

**s\Harold A. Baker**

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE